IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **JEROME B. WILLIAMS,** : | |
| : | |
| Plaintiff, : | Case No. C2-01-681 |
| : | |
| v. : | **JUDGE ALGENON L. MARBLEY** |
| : | |
| **GENERAL ELECTRIC COMPANY, et al.,** : | Magistrate Judge Abel |
| : | |
| Defendants. : | |

**ORDER AND OPINION**

**I.  INTRODUCTION**

This matter is before the Court on Defendant, The General Electric Company's ("GE"), Pre-Trial Motion ("Motion").[1]  For the following reasons, Defendant's Motion is **GRANTED** in part**,** and Plaintiff's state age discrimination claim is hereby **DISMISSED**.

**II.  FACTS**

This case involves claims of discrimination by Jerome B. Williams ("Plaintiff") against his former employer and Defendant, GE.  Plaintiff began employment with GE in 1967 and remained with the company until the position he occupied was eliminated in December of 2000.  However, Plaintiff was one of three employees occupying the position, and the other two employees were retained.

---

[1] Defendant titles what, essentially, is a Motion for Judgment on the Pleadings as a "PreTrial Motion." The Court will treat Defendant's Motion as what it is.  Per 12(c) of the Federal Rules of Civil Procedure, "[a]fter the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings."  Therefore, although titled incorrectly, it is within the province of the Court to consider Defendant's Motion.

### III.  PROCEDURAL HISTORY

Plaintiff filed his original Complaint in this case on June 25, 2001, in state court, and Defendant removed the case to this Court on July 18, 2001.  Plaintiff then filed his Amended Complaint, alleging age discrimination pursuant to 29 U.S.C. § 623 and Ohio Revised Code sections 4112.01, 4112.02, and 4112.99, and disability discrimination pursuant to 42 U.S.C. § 12101 and Ohio Revised Code sections 4112.01 and 4112.99.

Defendant filed a Motion for Summary Judgment on all of Plaintiff's claims.  In response, Plaintiff defended his age discrimination claims, but agreed to dismiss voluntarily his disability discrimination claims with prejudice.  Therefore, the Court considered Defendant's 'Motion for Summary Judgment with respect to Plaintiff's age discrimination claims only.

This Court entered an Order and Opinion on July 1, 2003.  The Order granted Defendant's Motion for Summary Judgment, in part, and denied it in other respects, with the outcome being that Plaintiff's ADEA and state age discrimination claims were set for trial on November 5, 2003.  On August 28, 2003, Defendant filed the PreTrial Motion and Memorandum in Support thereof on which the Court now rules.  Plaintiff filed its Memorandum opposing Defendant's Motion on September 18, 2003 and later filed a Surreply in Further Opposition on October 20, 2003.

### IV.  DISCUSSION

#### A.  Accrual Date of Plaintiff's ADEA Claim

In its Motion, GE cites, for the first time, 6th Circuit authority holding that "the proper date for determining the accrual of a plaintiff's cause of action [in an ADEA claim] is the date the employee is first notified of the elimination of his position, even if the notification expressly

provides the possibility of continued employment with the Company." In *Janikowski v. Bendix Corp.*, 823 F.2d 945, 947 (6th Cir. 1987), the 6th Circuit held, "a plaintiff's cause of action under the ADEA accrues when he receives a notice of termination, not when his employment actually ceases" and "[m]ere continuity of employment, without more, is insufficient to prolong the life of a cause of action for employment discrimination." *Id.*, at 947, *citing*, *Delaware State College v. Ricks*, 449 U.S. 250, 257 (1980).

Like Williams, Janikowski was terminated as part of Bendix's reduction in workforce ("RIF") measures; and, like Williams, Janikowski was presented with a document informing him that his position would be terminated, and providing an effective date. *Id.*, at 946. Moreover, as with Plaintiff's letter, the Janikowski memo stated, "if on the date of your termination...you have not secured a position elsewhere within Bendix, you will be terminated from employment." *Id.* Under those circumstances, the 6th Circuit found, nevertheless, that Janikowski's cause of action accrued on the date of the memo, when he received notification of his termination, and not on his last day of work. After *Janikowski*, the 6th Circuit reaffirmed its holding in *Damsel v. Fisher*, 114 F.3d 1187, 1997 WL 328607, *2-3 (6th Cir. June 13, 1997). The law on this point is clear.

Despite Plaintiff's new contention in its Surreply that Williams continued to work until January 2, 2001, such evidence, even assuming its truth, does not change the accrual date. *Janikowski* made clear, in citing to the Supreme Court in *Chardon*, that "'the proper focus is on the time of the discriminatory act, not the point at which the consequences of the act became painful,'...and '[m]ere continuity of employment, without more, is insufficient to prolong the life of a cause of action.'" 823 F.2d at 947, *citing*, *Chardon v. Fernandez*, 454 U.S.6, 8 (1981). The discriminatory act Plaintiff has alleged is the elimination of his position. That act took place on

October 24, 2000, when Williams received the letter from Bilia, regardless of Plaintiff's subjective belief that he was not terminated or would be reassigned.

Finally, Plaintiff argues in his Surreply that his case is distinguishable from *Janikowski* because of the continuing violation doctrine. The continuing violation doctrine provides, "'discriminatory incidents which occur beyond the limitations period are actionable where a plaintiff...challenges not just one incident...but an unlawful practice that continues into the limitations period.'" *Burzynski v. Cohen*, 264 F.3d 611, 618 (6th Cir., 2001), *citing*, *Haithcock v. Frank*, 958 F.2d 671, 677 (6th Cir., 1992). In order to invoke that doctrine, Plaintiff must meet one of two conditions. First, a plaintiff can prove a continuing violation by providing "some evidence of present discriminatory activity giving rise to a claim of continuing violation such as where an employer continues to presently imposes [sic] disparate work assignments..." *Burzynski v. Cohen*, 264 F.3d 611, 618 (6th Cir., 2001). Alternatively, a claimant can offer evidence of a "long-standing and demonstrable policy of discrimination...[showing] intentional discrimination against the class...was the company's 'standing operating procedure.'" *Id.*

In this case, Plaintiff has alleged only the second category, or an ongoing, over-arching policy of discrimination against older employees. In his complaint, Plaintiff claims that GE has a history of forcing older employees to retire or placing them in positions that were later eliminated, and that during the past few years, ten employees over the age of forty were fired or forced to retire. Plaintiff, however, has not presented any evidence allowing him to invoke the continuing violation doctrine because he has not alleged any *continuing* acts of discrimination. Neither of the allegations of his complaint establishes a discriminatory act after October 24, 2000, and within the limitations period.

In a similar case in which plaintiff offered other instances of disparate treatment of protected co-employees, the 6th circuit refused to apply the continuing violation doctrine to her case. *Krzyzewski v. Metro. Gov't of Nashville & Davidson County*, 584 F.2d 802, 806 (1978). The court explained,

> The only occurrence set forth in her complaint was her own discharge and ... earlier instances of allegedly disparate treatment [between protected and non-protected employees]. There was no evidence of discriminatory acts or practices occurring after [the Plaintiff's alleged discriminatory act]. *Id*.

*Krzyzewski* makes clear that even when a claimant alleges a continuing violation, he must still point to some discriminatory act within the limitations period. This requirement was reaffirmed in the specific instance of an alleged ongoing discriminatory policy in *Taylor v. Batelle Columbus Laboratories*, 680 F.Supp. 1165, 1170 (S.D. Ohio, 1988). There, the court noted, "[i]n such situations, the 'continuing violation' doctrine applies and the cause of action does not accrue until *the last discriminatory act occurs*." (emphasis added).

In addition, Plaintiff's evidence is not sufficient to establish an ongoing, over-arching policy of discrimination. Courts have rejected that a "series of discrete and separate acts that may constitute individual instances of disparate treatment...evidence a policy or practice of [discrimination]." *Burzynski*, 264 F.3d at 618 (pattern not established by allegation that last six vacancies were filled by persons under 40); *Taylor*, 680 F.Supp. at 1171 (expressing that statistics of an RIF showing that employees in the protected class were terminated in greater numbers may establish an ongoing violation). Williams, however, offers no statistics or percentages to support his claim of an ongoing violation. It is not enough to say that "ten employees in plaintiff's work group were forced to retire or were terminated, at ages fifty-six to sixty-three, after long years of service," if, for example, in total thirty positions were eliminated,

and the other twenty positions were held by persons under the age of forty. Such statistics would not prove an ongoing policy of discrimination based on age.

Hence, despite Defendant's failure to raise the authority in its initial Motion for Summary Judgment, this Court reconsiders its position and finds that the accrual date of Plaintiff's ADEA claim is October 24, 2000, which is the date of the last discriminatory act alleged by Plaintiff. Because Plaintiff did not file his EEOC intake questionnaire until September 5, 2001, he exceeded the 300-day limitations period. Therefore, Plaintiff's ADEA claim is time-barred.

### B. Jurisdiction Over Plaintiff's O.R.C. 4112 Claim

The dismissal of Plaintiff's ADEA federal claim counsels that the Court, likewise, dismiss Plaintiff's claim under O.R.C. 4112. As the Supreme Court cautioned long ago:

> [n]eedless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law. Certainly, if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well. *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726, 86 S.Ct. 1130, 1139 (1966).

### V. CONCLUSION

For the foregoing reasons, Defendant's Motion for Judgment on the Pleadings is **GRANTED** as to Plaintiff's ADEA claim and Plaintiff's state claim under O.R.C.§ 4112 is **DISMISSED** as well.

**IT IS SO ORDERED.**

    s/Algenon L. Marbley
    **UNITED STATES DISTRICT JUDGE**

**Dated: October 23, 2003**