UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JEROME B. WILLIAMS, | : | |
| | : | Case No. C2-01-681 |
| Plaintiff, | : | |
| | : | Judge Marbley |
| vs. | : | |
| | : | Magistrate Judge Abel |
| GENERAL ELECTRIC CO., | : | |
| *et al.* | : | |
| Defendants. | : | |

## PLAINTIFF'S MOTION TO ALTER OR AMEND JUDGMENT

Pursuant to Federal Rule 59(e), Plaintiff Jerome B. Williams hereby moves this Court to alter or amend its Order and Opinion of October 23, 2003 and it Judgment Entry of the same date, which dismissed plaintiff's State law age discrimination claim under O.R.C. §4112. The basis for this Motion is more fully set forth in the accompanying Memorandum in Support.

/s/ Joanne W. Detrick
Russell A. Kelm          (0011034)
Joanne W. Detrick        (0041512)
Law Offices of Russell A. Kelm
37 W. Broad Street, Suite 860
Columbus, Ohio 43215
(614) 246-1000
Attorneys for Plaintiff

## MEMORANDUM IN SUPPORT

Rule 59(e) provides that a party may file a motion to alter or amend a judgment within ten days after the entry of judgment. On October 23, 2003, this Court granted summary judgment in favor of defendants on plaintiff's federal law age discrimination claim and dismissed plaintiff's State law age discrimination claim and this Motion is timely pursuant to Rules 59(e) and 6(a). "The purpose of a motion to alter or amend judgment is to correct manifest errors of fact or law." *Romero-Vargas v. Shalala*, 907 F. Supp. 1128, 1135 (N.D. Ohio 1995); *see, also, Petition of U.S. Steel Corp.*, 479 F.2d 489, 494 (6th Cir. 1973), and *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985). "It is not designed to give an unhappy litigant an opportunity to relitigate matters already decided; nor is it a substitute for appeal." *Shalala*, 907 F. Supp. at 1135. A motion for reconsideration of a summary judgment order is treated as a Rule 59(e) motion, "and is within the informed discretion of the trial court." *Huff v. Metropolitan Life Ins. Co.*, 675 F.2d 119 (6th Cir. 1982). This Motion is submitted to request that the Court make clear the basis for its dismissal of plaintiff's State law age discrimination claim.

In its Opinion the Court granted summary judgment to defendant on plaintiff's federal law age discrimination claim based upon the statute of limitations. Plaintiff does not address that part of the Court's opinion in this Motion. The Court then dismissed plaintiff's State law age discrimination claim because, "[t]he dismissal of Plaintiff's ADEA federal claim counsels that the Court, likewise, dismiss Plaintiff's claim under O.R.C. 4112." (Opinion at p. 6.) The Court then cites to *United Mine Workers of America v. Gibbs,* 383 U.S. 715, 726 (1966). In that case the Plaintiff brought both federal and State claims in a federal court action. The Court found that the District Court had the power to exercise pendent jurisdiction over the plaintiff's nonfederal claims and that it was not error to refuse to dismiss such claims.

This case, however, was initially filed in State court alleging only violations of State law. Defendants removed based upon diversity of citizenship. Once the case was in federal court plaintiff amended his complaint to assert federal claims. Plaintiff's State law claim for age discrimination is all that remains after the Court's October 23, 2003 Order and Opinion. The Court apparently anticipates that plaintiff will refile his claim in State court and that is what plaintiff intends to do. However, plaintiff is concerned that once he does that the defendants will simply remove the case back to this Court. In an effort to avoid that step, plaintiff requests that the Court make clear that its denial of jurisdiction over the State law claim is based upon a provision of 28 USC §1367(c). The supplemental jurisdiction statute provides as follows:

> (a) Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.
>
> (b) In any civil action of which the district courts have original jurisdiction founded solely on section 1332 of this title, the district courts shall not have supplemental jurisdiction under subsection (a) over claims by plaintiffs against persons made parties under Rule 14, 19, 20, or 24 of the Federal Rules of Civil Procedure, or over claims by persons proposed to be joined as plaintiffs under Rule 19 of such rules, or seeking to intervene as plaintiffs under Rule 24 of such rules, when exercising supplemental jurisdiction over such claims would be inconsistent with the jurisdictional requirements of section 1332.
>
> **(c) The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if--**
>
>> **(1) the claim raises a novel or complex issue of State law,**
>> **(2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,**
>> **(3) the district court has dismissed all claims over which it has original jurisdiction, or**
>> **(4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.**

- 4 -

If the Court makes clear that it intended to dismiss the State law claim because it was declining to exercise supplemental jurisdiction over a claim that raises a novel or complex issue of State law, for example, it would prevent defendants from once again removing the claim to federal court based upon diversity and the resulting Motion to remand that plaintiff will file. It will also avoid the delay a removal would cause and the waste of judicial resources.

Based upon the foregoing, plaintiff requests that the Court amend its Order and Opinion and resulting Judgment Entry of October 23, 2003 and make clear the basis for the dismissal of plaintiff's State law claim.

                Respectfully submitted,

                /s/ Joanne W. Detrick
Russell A. Kelm        (0011034)
Joanne Weber Detrick    (0041512)
  Law Offices of Russell A. Kelm
  37 W. Broad Street, Suite 860
  Columbus, Ohio 43215
  (614) 246-1000
Attorneys for Plaintiff

- 5 -

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on November 3, 2003, Plaintiff's Motion to Alter or Amend Judgment was electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: Charles Roesch and Trina Walton, Dinsmore & Shohl, LLP, 1900 Chemed Center, 255 E. Fifth Street, Cincinnati, Ohio 45202.

/s/ Joanne W. Detrick
Attorney for Plaintiff

William,j\mdalterjudgment.doc