**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| **JEROME B. WILLIAMS,** : | |
| : | |
| Plaintiff, : | Case No. C2-01-681 |
| : | |
| v. : | JUDGE ALGENON L. MARBLEY |
| : | |
| **GENERAL ELECTRIC COMPANY, et al.,** : | Magistrate Judge Abel |
| : | |
| Defendants. : | |

**ORDER AND OPINION**

**I. INTRODUCTION**

This matter is before the Court on several outstanding Motions in Limine. This case involves a claim of age discrimination by Jerome B. Williams ("Plaintiff" or "Williams") against his former employer and Defendant, The General Electric Company ("Defendant" or "GE"), under Ohio Revised Code ("R.C.") sections 4112.01, 4112.02, and 4112.99.

**II. MOTIONS ALREADY DECIDED**

Some of the parties' Motions in Limine already have been ruled upon prior to this Opinion and Order. The Court first will briefly recap those motions and its rulings thereon prior to deciding the outstanding Motions.

    **A. Defendant's Motions**

        **1.    Motion to Exclude at Trial Witness Testimony and Other Evidence Relative to the Power Management Division**

Defendant sought to exclude this evidence, arguing that it was irrelevant and unduly prejudicial. GE maintained such evidence was irrelevant because the decision-makers were not the same for that decision and the reduction in force ("RIF") in its T&D Sales Division, whereby

Plaintiff's Transmission Leader position was eliminated – the latter being the only issue remaining for trial. The Court already found, in its earlier July 7, 2003 Opinion and Order, that Williams' claims related to Power Management were time-barred.

During a telephonic conference with counsel, upon inquiry by Defendant's counsel as to the Court's likely ruling on this Motion, the Court explained that such evidence was relevant and would be admissible at trial, based upon this Court's earlier Opinion & Order. Therein, the Court stated,

> Plaintiff's termination from the Regional Sales Manager position may serve as evidence in support of his claim of discrimination with respect to the elimination of his Transmission Leader position, but his removal from the Regional Sales Manager position cannot serve as the basis for a separate age discrimination claim because Plaintiff did not file a claim within 180 days of his removal from that position, [and] [a]lthough Plaintiff's claims based on his termination as a Regional Sales Manager are time barred, a jury could consider the circumstances surrounding that termination in determining whether GE discriminated against Plaintiff when he was ultimately laid off from the Transmission Leader position.

Thus, Defendant's Motion was **DENIED**.

**B. Plaintiff's Motions**

    **1. Motion in Limine Precluding Defendant from Objecting to Plaintiff's Damage Calculations and from Using Plaintiff's Prior Calculations Prepared for Purposes of Settlement**

This Motion and Defendant's "Motion to Exclude Plaintiff's Damages Evidence at Trial" address the same issues. Essentially, Defendant argues the only damage calculations Plaintiff ever provided to it were by way of letter to GE's counsel for purposes of settlement, dated February of 2002. Since then, however, despite repeated discovery requests, Plaintiff has not updated, clarified, or otherwise provided Defendant with any further information regarding how and in what amounts Plaintiff claims to have been harmed by GE's alleged discrimination.

Plaintiff responds that the reason it has been unable to provide Defendant with further information is because it sought such information from GE, via discovery, but Defendant refused to provide it, replying that it was not Defendant's duty to calculate Plaintiff's damages for him.

At the Final Pretrial Conference held February 27, 2004, Plaintiff's Motion was **GRANTED, in part**, and **DENIED**, **in part**.  The Court ruled that because, despite discovery, Plaintiff had not provided GE with any damage calculations since those contained in the February 15, 2002 letter, Plaintiff would be limited to the categories and amounts set forth in that letter, subject to the Court's further rulings on the outstanding Motions in Limine[1] and changes in the amounts claimed because of Plaintiff's mitigation of damages since February 15, 2002. This resolution mooted Defendant's claim of undue hardship in its trial preparation because it did not have Plaintiff's damage calculations, given that GE has been aware Williams claims, at least, the categories and amounts in the letter since February of 2002, when it was provided by him to GE.

### 2.    Motion in Limine Precluding Defendant from Calling Certain Witnesses Live in its Case-in-Chief

Plaintiff sought an Order from the Court requiring GE to make any witnesses it intended to offer live in its case-in-chief, available for Williams in his case-in-chief.  Plaintiff intends, otherwise, to provide testimony through the reading into evidence of several depositions by said witnesses.  According to Plaintiff, however, if he is forced to use merely deposition testimony in his case-in-chief, and GE thereafter offers live testimony through the same witnesses, the jury

---

[1]For example, because the Court decides, *infra*, that Plaintiff cannot claim damages for frequent flyer miles and meal and entertainment expenses, even though those are claimed in the letter, Plaintiff cannot claim them at trial, given the Court's ruling herein.

3

may accord undue emphasis to the witnesses live testimony.

During the Final Pretrial Conference, Plaintiff's Motion became **MOOT**, because the parties agreed to cooperate in accommodating Plaintiff's request. Defendant agreed to make any witnesses it planned to call live, available to Plaintiff for his case-in-chief, but requested that Plaintiff share in the expenses of said witnesses, which the Court finds to be reasonable.

### III.  OUTSTANDING MOTIONS IN LIMINE

Regarding the outstanding Motions in Limine, the Court makes the following rulings.

#### A.  Defendant's Motions

##### 1.  Motion in Limine to Exclude Testimony and Other Evidence at Trial

In its motion, Defendant seeks the exclusion of several pieces of evidence, each of which the Court will rule upon in turn.

###### a.  Statistical Data Relied Upon By Plaintiff in His Memorandum in Opposition Relative to the RIF by Which He Was Terminated

Defendant argues such statistical data is not probative of any alleged discrimination because the sample size is not sufficiently large, and, to be probative, the statistics would have to include employees within the company at large, not just the one department. Defendant also claims the Court's earlier July 1, 2003 Opinion and Order is dispositive of the issue.

Indeed, in its earlier Opinion and Order, the Court stated that such statistics "[did] little to demonstrate that Plaintiff was singled out for termination based on his age." *Williams v. General Elec. Co.*, 269 F.Supp. 2d 958, 968 (S.D. Ohio 2003). Accordingly, Defendant's Motion is **GRANTED**.

### b. Testimony or Documentary Evidence Regarding Possible Stocks Option Grants

Defendant reasons that the purpose of compensatory damages is to make the plaintiff whole, by providing him with benefits and wages that he would have been entitled to but for the discrimination. GE's Stock Option Plan, however, is discretionary, such that damages for any alleged Options would be speculative, because Williams might not have been awarded the options. Plaintiff, however, points out that he received the Options in two of the four years that he worked in the Division, so it is not speculative for him to claim damages, at minimal, for half of the remaining years he would have worked for GE. Furthermore, Plaintiff claims he sought evidence, through discovery, on the frequency with which the employees in his position have received the options since he was terminated; but, Defendant, again, refused to provide it.

Because GE's stock option plan is discretionary in nature, it is not probative whether other employees in his position received those options in the years since he left Defendant's employ. In other words, that evidence would not have been relevant in deciding this motion because, arguably, if, Williams' position was eliminated because he was not performing comparatively well in it, as GE alleges, the employees who remained in the Transmission Leader positions may have gotten stock options for their performance, while Williams would not have. Therefore, the Court finds that such damages are too speculative, and Defendant's motion to exclude this evidence is **GRANTED**.

      **c.**      **Testimony or Documentary Evidence from Plaintiff Regarding Damages in the Form of Frequent Flyer Miles and "Meals and Entertainment" Allowances**

According to GE, these categories are not "benefits," at all, and are not necessary to make Plaintiff whole. They were provided to Williams merely for GE's convenience, to enable him to develop and bring in new business. Plaintiff cites, in support of his claim, the case of *Mitchell v. Seaboard Sys. R.R.*, 883 F.2d 451 (6th Cir. 1989), where an award of such benefits was upheld under Kentucky's Civil Rights Act.

*Mitchell*, however, is distinguishable. There, the Court premised its holding on the fact that the employee's additional mileage and meal expenses incurred in working outside a particular supervisor's territory *resulted from that supervisor's racial harassment*. *Id*. at 453 (emphasis added). Williams, in contrast, has neither alleged nor offered evidence to establish that the frequent flyer miles and meal and entertainment costs that he claims were the *direct* result of discrimination by GE. Only then would said damages be necessary to make him whole. Hence, Defendant's Motion on this issue is **GRANTED**.

      **d.**      **Testimony of Keegan Relative to the Elimination of His Position in the Power Management Division**

Defendant argues this evidence is irrelevant and would be unduly prejudicial, such that it is subject to exclusion under both Rules 401 and 403 of the Federal Rules of Evidence. GE cites *Sharand v. Federal Pacific Electric Co.*, 851 F.2d 152 (6th Cir. 1988) and *Boyle v. Mannesmann Demag Corp.*, 991 F.2d 794, 1993 WL 113734 (6th Cir. Apr. 13, 1993) (unpublished) in support of its argument.

Under the facts of this case and given the Court's prior rulings regarding evidence related to Williams' tenure in GE's Power Management Division, such evidence is relevant because

Plaintiff is alleging that GE engaged in an "overall scheme" to terminate him based upon his age. According to Plaintiff, that scheme began with his termination from the Regional Sales Manager position in the Power Management Division and continued with the elimination of his T&D position.  Hence, a similarly-protected employee's termination is probative, circumstantial evidence that GE engaged in such a scheme.

Moreover, the case offered by Plaintiff, *Sharand v. Federal Pacific Electric Co.*, 851 F.2d 152 (6th Cir. 1988), is distinguishable, as illustrated in *McCabe v. Champion Intern. Corp.*, 916 F.2d 713 (6th Cir.1990), which is more factually analogous to the facts here.  In *Sharand*, the two employees whose testimony was excluded worked under different supervisors and in different places than the plaintiff.  *Sharand*, 851 F.2d at 156.  In other words, the evidence in *Sharand* was not probative of the discrimination alleged.

Here, in contrast, Keegan's position in the Power Management Division – the same Division in which Plaintiff once worked – was eliminated, allegedly because of the same discriminatory act – discrimination based upon age – for which Williams is bringing his claim. Furthermore, the Court finds unpersuasive Defendant's argument that this evidence should be excluded just because the discriminatory act at issue is not Williams' termination from the Power Management Division, since the Court previously ruled that evidence of this Power Management Division termination is admissible.  *Williams*, 269 F.Supp. 2d at 968-69.

Finally, the facts here also are distinguishable from the facts in *Boyle*.  In *Boyle*, the court based its conclusion that the district court erred by admitting the testimony of other employees on the fact that, "[the other employees] were terminated in 1983 during defendant's reorganization, *making their terminations remote in time and circumstances from plaintiff's*

*termination*. Thus, the testimony was irrelevant and inadmissible." 991 F.2d 794, 1993 WL 113734, at *2.  This case is distinguishable from *Boyle* in that Keegan's termination was not remote in time and circumstances from William's termination from the Power Management Division.

Consequently, Defendant's request to exclude Mr. Keegan's testimony regarding his own discharge from the Power Management Division is **DENIED**.

### 2. Motion to Exclude Evidence Relative to Punitive Damages Under Ohio Law

According to GE, under Ohio law, it is necessary for a plaintiff to prove that a defendant engaged in "actual malice," in order to recover punitive damages.  Because Plaintiff has offered no evidence of "actual malice" by GE, Defendant seeks to preclude Williams from introducing any evidence of punitive damages at trial.

Plaintiff, however, contends that he has shown that GE acted in "conscious disregard for the rights and safety of other persons [which had] a great probability of causing substantial harm," which is one of the definitions of "actual malice."  Now, based upon that evidence, Williams avers that it is for the jury to decide whether punitive damages are warranted.

"Before a question of punitive damages can be submitted to a jury, there must be sufficient evidence of actual malice."  *Ferritto v. Olde & Co., Inc.*, 577 N.E. 2d 101, 106 (Ohio Ct. App. 8th Dist. 1989).  Plaintiff argues that Defendant engaged in actual malice as defined in *Sutherland v. Nationwide Gen. Ins. Co.*, 96 Ohio App. 3d 793 (1994): "conscious disregard for the rights and safety of other persons that has a great probability of causing substantial harm." Although in *Preston v. Murty*, 512 N.E. 2d 1174, syllabus (Ohio 1987), the Ohio Supreme Court did state that punitive damages might be appropriate where the defendant acted in "conscious

disregard...," the Court went on to elaborate that to satisfy the "conscious disregard" definition, conduct must be "outrageous, flagrant, and criminal." Presently, there is no evidence before this Court that Defendant's conduct towards Plaintiff rose to the level of "outrageous, flagrant, and criminal."[2]

Accordingly, the Court will hold its decision on this Motion in **ABEYANCE**. Once all the evidence comes in at trial, the Court will reconsider whether, at that time, Williams has presented any evidence of "outrageous, flagrant, and criminal" conduct by GE, such that the jury should be charged on the issue of punitive damages.

---

[2]This standard, moreover, is peculiar to Ohio law, and distinguishable from the requirements for presenting the issue of punitive damages to the jury under federal statutes, such as the Age Discrimination in Employment Act ("ADEA") and Title VII. The standards under federal law, arguably, are more liberal. Under the ADEA, punitives are not available, although liquidated damages are, and they have been held to be punitive in nature. More to the point, however, the standard for such liquidated damages is different from the standard required for punitive damages under Ohio law. Under the ADEA, if the defendant's conduct is *willful*, liquidated damages are available. The one ADEA case cited by Williams, in fact, explains how "willful" is different (a lesser standard) than "outrageous," as required for punitives under Ohio law. In *Mathis v. Phillips Chevrolet, Inc.*, 269 F.3d 771 (7th Cir. 2001), the court distinguished between conduct that was "willful" versus "outrageous," and explained, "[o]nce a plaintiff demonstrates that the employer's conduct was willful, the plaintiff need not *additionally show* that the employer's conduct was outrageous, or provide direct evidence of the employer's motivation." *Id.*, at 777, *citing*, *Hazen Paper Co. v. Biggins*, 507 U.S. 604, 617 (1993) (emphasis added). Likewise, in *Price v. Marshall Erdman & Associates, Inc.*, 966 F.2d 320 (7th Cir. 1992), also cited by Plaintiff, the court used the language of "neglect" and "*allowing* managers to remain ignorant," which goes more to the lesser standard of willful and not rising to the level of "outrageous, flagrant and criminal."
    The Ohio standard also is different than the standard under Title VII. Under Title VII, an award of punitives may be appropriate where the defendant acted "with malice *or reckless indifference* to the federally protected rights." Although it might be argued that the "reckless indifference" standard is comparable to the "conscious disregard" standard under Ohio law, because of the Ohio Supreme Court's elaboration on conduct necessary to amount to a "conscious disregard" –"outrageous, flagrant, and criminal" – such an argument is not persuasive.
    Because this case presents the Court with a state law claim only, the Court must and will follow the standard under Ohio law.

9

### 3. Motion to Exclude at Trial Evidence on Front Pay Damages

Finally, Defendant requests that the Court also prevent Plaintiff from introducing evidence going to the issue of front pay. According to GE, front pay is not necessary to make Williams whole because he accepted comparable work with another company barely a week after he left GE's employ. Plaintiff argues that the position he took is not comparable, so GE should have to compensate him for the differences in the two positions.

Although it has been held that front pay is available for age discrimination cases under Ohio law, R.C. 4112 (*Potocnik v. Sifco Industries, Inc.*, 660 N.E.2d 510, 517 (Ohio App. 8 Dist. 1995)), the Sixth Circuit also has stated that, "[u]ltimately, the question to be answered is whether front pay damages are needed in a particular case *to make the plaintiff whole*." *Wilson v. International Broth. of Teamsters, Chauffeurs, Warehousemen and Helpers of America, AFL-CIO*, 83 F.3d 747, *757 (6th Cir. 1996) (emphasis added). Moreover, the jurisprudence is clear that plaintiffs should not get a "windfall" from front pay and counsels that such awards be tempered to ensure against a "windfall." *See, e.g.*, *Duke v. Uniroyal, Inc.*, 928 F.2d 1413, 1424 (4th Cir. 1991).

In *Roush v. KFC Nat. Management Co.*, 10 F.3d 392 (6th Cir. 1993), the plaintiff, "[w]ithin approximately two months of her discharge from KFC, . . . accepted a full-time position with the Bauer-Sharp Company, at a salary comparable to that which she had earned at KFC (albeit without benefits). Although by the time of trial her hours at Bauer-Sharp had been reduced to part-time for apparent business reasons, Roush voluntarily chose not to seek alternative or supplemental employment in order to make up for this reduction in her income, preferring instead to receive social security benefits." *Id*. There, the Sixth Circuit found, "the

record simply does not support an award of front pay in any amount. Roush has failed to articulate how the evidence in this case supports an award of front pay, and we fail to see the justification for such an award." *Id*. at 400.

Similarly, here, Williams accepted the position with AEP approximately one week after leaving GE's employ. In effect, there was no appreciable gap in his employment. Moreover, in *Roush*, the Sixth Circuit was not persuaded that plaintiff deserved front pay, even though her new position did not have benefits. In stark contrast, Williams' SERO package, in addition to providing him with $52,000/year in compensation, also includes full medical, dental and life insurance benefits, making his claim to front pay even less compelling than the plaintiff's in *Roush*.

Hence, the Court finds that front pay is not necessary to make Williams whole. Under the facts of this case, especially in comparison to *Roush*, allowing Plaintiff to claim front pay would result in a "windfall" for him. Therefore, Defendant's "Motion to Exclude at Trial Evidence on Front Pay Damages" is **GRANTED**.

**IT IS SO ORDERED.**

                                                s/Algenon L. Marbley
                                                **ALGENON L. MARBLEY**
                                                **UNITED STATES DISTRICT JUDGE**

**Dated: March 4, 2004**