**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **JEROME B. WILLIAMS,** | : | |
| | : | |
| **Plaintiff,** | : | **Case No. C2-01-681** |
| | : | |
| v. | : | **JUDGE ALGENON L. MARBLEY** |
| | : | |
| **GENERAL ELECTRIC COMPANY,** *et al.*, | : | **Magistrate Judge Abel** |
| | : | |
| **Defendants.** | : | |

## ORDER AND OPINION

### I. INTRODUCTION

This matter comes before the Court pursuant to the following motions: (1) Motion by Jerome B. Williams ("Plaintiff" or "Williams") objecting to Clerk's Memorandum on Costs; and (2) Motion by Defendant General Electric Company ("Defendant" or "GE") objecting to the Clerk's Memorandum on Costs (the "Clerk's Memorandum") and responding to Plaintiff's objections. For the reasons set forth herein, the Court **AFFIRMS** Clerk's Memorandum on Costs and awards Defendant costs in the amount of **$4,712.29**.

### II. STATEMENT OF FACTS

#### A. Procedural History

Plaintiff filed his initial complaint in this action (the "Complaint") on June 25, 2001, in the Court of Common Pleas, Franklin County, Ohio. Defendants removed the case to this Court on July 18, 2001. Plaintiff filed his Amended Complaint (the "Amended Complaint") on December 27, 2001, alleging both age discrimination pursuant to 29 U.S.C. § 623 and Ohio

-1-

Revised Code sections 4112.01, 4112.02, and 4112.99, and disability discrimination pursuant to 42 U.S.C. § 12101 and Ohio Revised Code sections 4112.01 and 4112.99.

Defendants moved for Summary Judgment on all of Plaintiff's claims. In response, Plaintiff defended his age discrimination claims, but agreed to dismiss voluntarily his disability discrimination claims with prejudice. Accordingly, the Court dismissed Plaintiff's disability discrimination claims with prejudice, and considered Defendants' Motion for Summary Judgment with respect to Plaintiff's age discrimination claims only. The Court denied Defendants' summary judgment motion as to Plaintiff's ADEA and state age discrimination claims, but granted the motion as to Plaintiff's other claims.

The matter went to trial, and on March 19, 2004, the jury decided in favor of Defendants. Plaintiff appealed to the Sixth Circuit, which rejected Plaintiff's appeal, dismissing as moot Plaintiff's appeal of certain pretrial rulings concerning the presentation of damages evidence at trial and affirming this Court's decision granting summary judgment to GE regarding Plaintiff's disability discrimination claims.

Shortly after the Sixth Circuit's ruling, Defendant, GE, filed a Bill of Costs, requesting $10,339.47, pursuant to Rule 54(d) of the Federal Rules of Civil Procedure and 28 U.S.C. § 1920. GE's proposed costs included: (1) $150.00 incurred for filing costs; (2) $3,936.63 for deposition costs; (3) $5,466.38 incurred for fees and disbursements for printing; (4) $625.66 incurred as fees for witnesses; and (5) $160.80 incurred as fees for exemplification and copies of papers necessarily obtained for use in the case.

Plaintiff filed a Memorandum in Opposition of Defendant's Bill of Costs, and, on

November 8, 2005, the Clerk of Courts, finding that $5,627.10[1] of the Defendant's requested fees

consisting of the $5,466.38 in printing costs and $160.80 in copying costs were disallowed under

the law, granted Defendant costs in the amount of $4,712.29. In response, both parties filed

motions objecting to the Clerk's Memorandum.

In its Objection, Plaintiff argues that the Clerk's Memorandum was in error and argues

that the Court should deny Defendant *all* costs. In Defendant's Objection, however, Defendant

asserts that the Clerk's Memorandum denying it $5,627.10 of its requested costs was in error,

and that it is entitled to recover *all* $10,339.47 of its requested costs. *See* Def.'s Objection at 1-2.

Specifically, Defendant argues that $4,885.58 of the denied costs incurred for copying and

enlarging its exhibits for use at trial were incorrectly disallowed because other courts have held

that such costs are recoverable. The matter is now ripe for review.

### III. LAW & ANALYSIS

### A. Standard of Review

Under 28 U.S.C. § 1920, a judge or clerk of any court of the United States may tax as

costs: (1) fees of the clerk and marshal; (2) fees of the court reporter for all or any part of the

stenographic transcript necessarily obtained for use in the case; (3) fees and disbursements for

printing and witnesses; (4) fees for exemplification and copies of papers necessarily obtained for

use in the case; (5) docket fees under section 1923 of this title; (6) compensation of court

appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special

interpretation services under section 1828 of this title. *See* 28 U.S.C. § 1920 (2006).

---

[1] Though the Clerk determined that $5,466.38 in printing fees plus $160.80 in copying costs amounted to $5,627.10, it actually amounts to $5,627.18. The Court finds, however, that the $.08 difference is negligible, and, therefore, irrelevant to its analysis.

Following the guidelines of 28 U.S.C. § 1920, Rule 54(d)[2] of the Federal Rules of Civil Procedure vests trial courts with discretion to allow or deny costs to a prevailing party. *See Farmer v. Arabian Am. Oil Co.*, 379 U.S. 227 (1964) (interpreting FED. R. CIV. P. 54(d)). Accordingly, where a prevailing party requests costs under Rule 54(d), "it is incumbent upon the unsuccessful party to show circumstances sufficient to overcome the presumption favoring an award of [those costs]." *Goostree v. Tennessee,* 796 F.2d 854, 863-64 (6th Cir.1986).

The Supreme Court has issued the following caution in the exercise of discretion in awarding costs:

> [w]e do not read [Rule 54(d)] as giving district judges unrestrained discretion to tax costs to reimburse a winning litigant for every expense he has seen fit to incur in the conduct of the case. Items proposed by winning parties as costs should always be given careful scrutiny. Any other practice would be too great a movement in the direction of some systems of jurisprudence that are willing, if not indeed anxious, to allow litigation costs so high as to discourage litigants from bringing lawsuits, no matter how meritorious they might in good faith believe their claims to be. Therefore, the discretion given district judges to tax costs should be sparingly exercised with reference to expenses not specifically allowed by statute.

*Id.* at 235. Moreover, in *White & White, Inc. v. Am. Hosp. Supply Corp.*, the Sixth Circuit established guidelines for awarding cost, noting limited circumstances in which the denial of costs may be a proper exercise of discretion: (1) circumstances in which taxable expenditures by the prevailing party are "unnecessary or unreasonably large"; (2) cases in which the "prevailing party should be penalized for unnecessarily prolonging trial or for injecting unmeritorious issues; (3) cases where the prevailing party's recovery is so "insignificant that the judgment amounts to a victory for the defendant"; and (4) cases that are "close and difficult." *See* 786 F.2d at 730.

---

[2]Rule 54(d) reads in relevant part: "costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs . . . ." *See* FED. R. CIV. P. 54(d).

### B. Application of the *White & White* Factors

#### 1. Whether the Taxable Expenditures by the Prevailing Party are "Unnecessary or Unreasonably Large"

According to Plaintiff, certain of Defendant's costs were unnecessary or unreasonable. Specifically, Plaintiff contends that Defendant should not be allowed to recover the following costs: (1) $1,981.73 for the cost of depositions taken of Defendant's own witnesses; (2) $1,954.90 for the cost of Plaintiff's videotaped deposition; (3) copy costs for four copies of each pleading Defendant incurred before electronic filing, as well as copy costs for two copies of each pleading incurred after electronic filing; (4) $4,885.58 to cover the cost of Defendant's "exhibit boards"; and (5) $1,123.10 to cover the cost of the round trip airfare of Mr. Bilia, a witness at trial.

The Court finds Plaintiff's arguments unpersuasive. Before the Clerk issued the Memorandum on Costs at issue, Plaintiff had submitted an almost identical Motion[3] arguing that *White & White* augured against the award of any costs to Defendant. Nonetheless, the Clerk found that Defendant was entitled to at least a portion of its costs. In Plaintiff's most recent motion objecting to the Clerk's findings, Plaintiff does nothing more than repeat arguments that the Clerk previously found meritless. Plaintiff does not challenge specific errors of law in the Clerk's Memorandum, but instead, tries to get a "second bite at the apple," by reasserting its position that it has overcome the strong Rule 54(d) presumption in favor of awarding costs to Defendant, the prevailing party in this case. Accordingly, Plaintiff's objections are not well-taken.

---

[3]Before the filing of the Clerk's Memorandum, Plaintiff filed "Plaintiff's Motion to Re-Tax Costs/Memorandum in Opposition to Defendant's Bill of Costs." [Doc. No. 112].

Defendant, on the other hand, objects to the Clerk's decision denying them the $4,885.58 in costs incurred for "exhibit boards". Defendant argues that its requested costs were "reasonable," and asserts that according to past precedent, $4,885.58 of the costs that Defendant incurred for copying and enlarging its exhibits for use at trial were incorrectly disallowed by the Clerk. *See Nissho-Iwai Co., Ltd. v. Occidental Crude Sales*, 729 F.2d 1530, 1533 (5th Cir. 1984) (finding $3,264 in costs of photocopies, including "blow-ups" of documents were properly taxed to defendant, at least where parties had agreed to the use of enlarged copies in trial of the case); *Soler v. McHenry*, 771 F. Supp. 252, 256 (N.D. Ill. 1991) (awarding defendant for the cost of enlarging plaintiff's police "mug shot").

The Court, however, finds *Nissho-Iwai*, and *Soler*, both persuasive authority, are distinguishable from the instant case. In *Nissho-Iwai*, the court awarded defendant its costs incurred in creating enlarged exhibits for trial because both plaintiff and defendant had enlarged documents for use at trial, and because the parties had agreed to both admit those exhibits into evidence and provide them to the jury. *See* 729 F.2d at 1553. In this case, however, the $4,885.58 in costs incurred by Defendant to create its "exhibit boards" were properly excluded because Defendant failed to show an agreement between the parties to use enlarged photocopies and because Defendants used the exhibits as demonstrative evidence without submitting them to the jury. *Interstate Contracting Corp. v. City of Dallas*, 2002 WL 236676, *4 (N.D. Tex. Jan. 31, 2002) (finding that where parties did not agree on costs of enlarging exhibits, such costs were disallowed).

Further, in *Soler,* defendant was entitled to his fee for the enlargement of plaintiff's police "mug shot" because the "mug shot" was direct evidence in regards to plaintiff's claim that

-6-

defendant police officer had used excessive force in arresting plaintiff. 771 F. Supp. 252 . In this case, however, Defendant's exhibit boards amount to *incidental* evidence. *See id* (emphasis added). Further, the cost of enlargement of a single photograph in *Soler* is easily distinguished from the cost of $4,885.58 for blow-up exhibits in the case sub judice. *Id.; compare Dagen v. CFC Group Holdings, Ltd.*, 2004 WL 856539, *5 (S.D.N.Y. Apr. 21, 2004) (because the enlarged exhibits were introduced into trial in a manner that was "incidental and necessary" to the representation of defendants, and the cost of the items in question does not seem unreasonable, the court awards defendants $799.64 relating to the creation of these items). Hence, the Court finds that the Clerk's decision denying Defendant $5,627.10 in its requested fees for its printing costs and copying costs was sound.

### 2. Whether the Prevailing Party Should be Penalized for Unnecessarily Prolonging Trial or for Injecting Unmeritorious Issues

Neither party insists that their opposition should be penalized under the second prong of *White v. White*; therefore, it is inapplicable to the Court's analysis.

### 3. Whether the Prevailing Party's Recovery is so Insignificant that it Amounts to a Victory for Defendant

In this case, Defendant, not Plaintiff was the prevailing party, and Plaintiff recovered no judgment at trial. Therefore, this *White & White* factor is inapplicable to the instant case.

### 4. Whether the Case was "Close and Difficult"

Plaintiff asserts that Defendant's costs should be denied because the case was "close and difficult." In *White & White*, the Sixth Circuit held that, "[t]he closeness of a case is judged not by whether one party clearly prevails over another, but by the refinement of perception required

-7-

to recognize, sift through and organize relevant evidence, and by the difficulty of discerning the law of the case." 786 F.2d at 732.

According to Plaintiff, her age discrimination case involved difficult, hotly-contested issues. Plaintiff, however, has presented the Court with no precedent in support of her claim, relying solely on her bare assertions regarding the complexity of her case. Defendant contests Plaintiff's assertions, noting that of the several claims Plaintiff brought in her initial Complaint, all but one were dismissed or withdrawn before trial. Defendant also notes that the remaining state-law claim that was tried in this court resulted in a jury verdict for Defendant after the jury deliberated for approximately 3.5 hours. Because Plaintiff's argument that the case was "close and difficult" lacks support in the record, the Court finds that this *White & White* factor points in favor of the Clerk's decision to award Defendant costs.

### 5. Other Factors

Plaintiff also asserts that there are various other factors that point in favor of a decision denying an award of Defendant's costs. Plaintiff argues that the Court should consider the fact that: (1) Plaintiff acted reasonably and in good faith and conducted the case with propriety; (2) other courts have denied costs to defendants in similar cases; and (3) the award of costs would have a chilling effect on future litigation of similar claims. The Court finds Plaintiff's arguments unpersuasive.

First, though Plaintiff may have acted in good faith and/or with propriety, the Sixth Circuit has previously held that good faith, standing alone, is not enough to warrant a denial of costs to the prevailing party. *See White & White*, 786 F.3d at 731. Regardless of whether Plaintiff believes his claims have merit does not overcome the fact that Plaintiff's claims were

defeated either on the pleadings or at trial.  Therefore, Plaintiff's good faith alone is insufficient to leave Defendant responsible for paying the costs incurred to defend itself against Plaintiff's ultimately unsuccessful suit.

Further, though Plaintiff cites a number of allegedly similar cases in which it courts have denied defendants costs, there is a statutory presumption in favor of awarding costs to the prevailing party. *See* FED. R. CIV. P. 54(d).  As a result of that presumption, the fact that courts in other discrimination cases declined to award costs to the prevailing party does not control here.

Finally, Plaintiff asserts that awarding costs to Defendant would have a "chilling effect" on other terminated employees, possibly dissuading them bringing valid claims against a former employer.  Nonetheless, Plaintiff's claims were found to be meritless, and they were either dismissed on summary judgment or decided in Defendant's favor by the jury at trial.  Further, the Sixth Circuit affirmed the jury's verdict on appeal.  Accordingly, Plaintiff's contention that awarding costs to Defendant would prevent prospective plaintiffs from bringing similar *unmeritorious* discrimination claims does not rebut the Rule 54(d) presumption that a prevailing party is entitled to its costs. *See* FED. R. CIV. P. 54(d).

### IV. CONCLUSION

For the foregoing reasons, the Court **AFFIRMS** the Clerk's Memorandum on Costs, and awards Defendant **$4,712.29** of its requested Bill of Costs.

**IT IS SO ORDERED.**

ALGENON L. MARBLEY
**UNITED STATES DISTRICT JUDGE**

**DATED: May 15, 2006**

-9-